## The President Directors & Company of the FREEMAN's BANK *vs.* FRANCIS M. ROLLINS.

In a several action on a note by the payee against a surety, the principal is a competent witness ; and his testimony is admissible to prove facts, happening after its execution, tending to discharge the surety.

Mere delay by the payee, after a note falls due, in enforcing payment against the principal, without binding himself to give further time, does not discharge a surety.

The receipt of interest for a stipulated time in advance from the principal by the payee, after the note has become payable, is not evidence of an agreement to give further credit thereon ; and does not discharge the surety.

If the note be paid before the time has expired for which interest was paid in advance, the remaining balance of interest is to be applied towards the payment of the principal.

THIS was an action of assumpsit upon a note, dated *January* 13, 1834, signed by *Thomas Pinkham,* as principal, and by the defendant and one *Taber,* as sureties, whereby they jointly and severally promised to pay the plaintiffs, or order, $500,00 in fifty-seven days and grace.   The note was produced, and the signature admitted.   The defence was, that the plaintiffs had discharged the sureties by giving credit to the principal.   The

defendant called *Pinkham*, the principal in the note, as a witness, and he was received to testify, although objected to by the plaintiffs, as incompetent. He stated, that at the end of eight weeks he proposed to the plaintiffs to pay them $150,00 of the principal of the note and the interest in advance for sixty days longer, with a request that he might have credit upon the note for that term, and that they accepted his proposition by receiving the money ; that at the end of another eight weeks, he paid of principal the further sum of $150 with interest in advance for another term of 60 days, with the same request, which was accepted. It appeared, that at the end of another eight weeks, interest was paid in advance and indorsed on the note for another period of 60 days, but the witness had no recollection of paying the last interest, but had left at the Bank $25,00, which he did not know how they had disposed of. He testified, that he stopped payment on the 14th of *August*, 1834 ; that the defendant inquired of him from time to time what he was doing with the note, and was told, that he was reducing it ; that the defendant was his near neighbor, had frequently been his surety at this and other banks, and was, as he supposed, apprised of the mode of doing business there.

The trial was before *Weston C. J.*, who directed a verdict to be returned for the plaintiffs, subject to the opinion of the Court. The jury, upon being inquired of, stated, that the defendant had a knowledge of and consented to the renewal of the note, upon payment of the interest and part of the principal, but that he neither knew of, or consented to a renewal of the note upon payment of the interest only ; and they further stated, that the plaintiffs, by their acceptance of the last interest, did thereby intend to bind themselves to give a further credit on the note for the period of 60 days.

If in the opinion of the Court, the defendant proved sufficient matter of defence by competent testimony, the verdict is to be set aside, otherwise judgment rendered thereon.

*A. Redington, jr.* for the defendant.

The witness was rightly admitted to testify. He had no interest, for he was alike bound to pay the amount to the bank, or to the surety, if he paid the bank. He was not a party to the

suit, and not liable to objection on that account. A party to the note is a competent witness to testify to any facts transpiring after the note was given, tending to defeat it, or to shew payment of it. *Baker* v. *Briggs*, 8 *Pick.* 127 ; *Gibbs* v. *Bryant*, 1 *Pick.* 121.

The defendant, who was a mere surety on the note, is discharged from all liability by acts of the plaintiffs ; and the action cannot be maintained against him.

Wherever the holder of the note delays enforcing payment, without the consent of the surety after it becomes due, and the surety thereby suffers an injury ; he is discharged. The most respectable authorities go to this extent. But there are no conflicting decisions, where the holder of the note gives the principal delay, after the note is due, by any proceeding which will take away his right to enforce the payment by action, or which will prevent the surety from taking up the note, and securing himself. The taking of interest in advance for a stipulated time, unless the surety has been conusant of the course of business, and thereby assents to it, has been holden sufficient to discharge the surety. In this case, the sum of $25,00 was paid, as a consideration for waiting 60 days. Whether this contract would be sufficient to defeat a suit before the time expired, or would be the foundation of an action for damages for the breach of it, the result is the same. But in addition to the necessary inference, the jury have found, that the plaintiffs did intend to bind themselves to give a further credit of 60 days on the note. In this case, the principal failed during the time of the extended credit. *Kennebec Bank* v. *Tuckerman*, 5 *Greenl.* 130 ; *Paine* v. *Packard*, 13 *Johns. R.* 174 ; *King* v. *Baldwin*, 17 *Johns. R.* 384 ; *Fulton* v. *Mathews*, 15 *Johns. R.* 433 ; *Orme* v. *Young*, 1 *Holt's N. P. Cases*, 87 ; *Peel* v. *Tatlock*, 1 *Bos. & P.* 419; *Hunt* v. *Bridgham*, 2 *Pick.* 585 ; 2 *Paige's Chan. R.* 497 ; 3 *Paige's Chan. R.* 629 ; *Reynolds* v. *Ward*, 5 *Wend.* 503 ; *U. States* v. *Kirkpatrick*, 9 *Wheat.* 720.

*Emmons*, for the plaintiffs, argued, that mere delay, without fraud, and without legally binding themselves not to sue, will not discharge sureties on the note. *Strafford Bank* v. *Crosby*, 8 *Greenl.* 191 ; *Hunt* v. *Bridgham*, 2 *Pick.* 584 ; *Crane* v.

*Newell, ibid.* 612; *Frye* v. *Barker,* 4 *Pick.* 382; *Bellows* v. *Lovell,* 5 *Pick.* 307; *Oxford Bank* v. *Lewis,* 8 *Pick.* 458; *Blackstone Bank* v. *Hill,* 10 *Pick.* 129; *Hunt* v. *U. States,* 1 *Gallison,* 35.

The finding of the jury, that the plaintiffs intended to bind themselves to give a further credit on the note amounts to nothing. The finding was in the absence of all proof whatever; it was a question of law to be decided by the Court; and did not come within their province by the instructions of the Judge. The taking of interest in advance did not prevent the plaintiffs from maintaining an action on the note during the time, nor take away the right of the surety to pay the note, or tender payment of it. Even if they had promised in terms not to sue for 60 days, it would have been without consideration and not binding in law. *M'Lemore* v. *Powell,* 12 *Wheat.* 554.

The evidence negatives the pretence, that the $25,00 were paid, as a consideration for waiting another sixty days.

The action was continued, and at a subsequent term the opinion of the Court was drawn up by

WESTON C. J. — The principal in the note, *Thomas Pinkham,* was offered and received as a witness for the defendant, although objected to by the counsel for the plaintiffs. His interest was exactly balanced, being answerable to the plaintiffs, if the note was not paid by the defendant, and to the defendant, if it was. He was not called to testify to facts, tending to show the note originally void, which would have been inadmissible, as has been decided upon the ground of public policy, but to subsequent transactions, by which the surety was supposed to have been discharged. The cases cited for the defendant, show, that a party to a note may be a witness to facts happening after its execution; and we are satisfied, that there is no legal objection to his competency.

The ground, upon which it is insisted that the defendant is discharged is, that the plaintiffs, the payees and holders of the note, had, without the consent of the surety, given further credit to the principal by an agreement, binding on their part. And by so doing it is urged, the condition of the defendant, the surety, has

been made worse. The case, principally relied upon by the counsel for the defendant, is that of the *Kennebec Bank* v. *Tuckerman*, 5 *Greenl.* 520. There was in that case a delay of nearly eight years; the defendants had requested the plaintiffs to collect the note of the principal, which they might have done, but neglected it; and instead of complying with the wishes of the defendant, the surety, expressly agreed to give the principal further time, until he became insolvent. The court in that case lay down the position, that mere delay on the part of the creditor, does not discharge the surety. But they do, upon the authority of the *New York* cases, cited in the argument, attach some consequence to the fact, that the defendant had requested the plaintiffs to collect the note of the principal. And that this might qualify or change the right of the creditor to remain passive, had received some countenance in the case of *Hunt* v. *Bridgham et al.* 2 *Pick.* 581, then cited, but in the subsequent case of *Crane* v. *Newell et al.* 2 *Pick.* 612, also cited, the doctrine was regarded as unsettled in *New York.* After the decision under consideration, the court in *Massachusetts*, in *Frye* v. *Barker et al.* 4 *Pick.* 382, held that a surety upon a promissory note was not discharged if the holder neglected to sue the principal at his request, and they express their doubts, whether the law in *New York* could be considered as otherwise settled. In *Bellows et al.* v. *Lovell,* 5 *Pick.* 307, the same position was maintained. As there was no such request by the surety, in the case before us, we are not called upon to settle this point.

In the case of the *Bank* v. *Tuckerman,* the plaintiffs were not merely passive, after the request of the defendant, but they expressly agreed in direct opposition to it, to give the principal further time. How much influence that request had upon that decision does not appear, but so far as it had, it differs from the case under consideration. But it differs also upon a point of still more importance. The agreement to wait is not left to be implied from the receipt of interest. The jury found that the plaintiffs did agree affirmatively to allow the principal further time. The evidence is not reported; but as there does not appear to have been any objection to the facts found by the verdict, there must be presumed to have been competent proof upon this point.

It appears in the present case, that at the end of the third eight weeks after the date of the note, interest in advance was indorsed thereon for another sixty days, but no part of the principal. There was no other evidence whatever of any agreement on the part of the bank in regard to that period. The jury upon inquiry as to the knowledge and assent of the defendant, in regard to the course pursued by the bank, found that he consented to a renewal of the note, upon payment of the interest and part of the principal, but that he neither knew of, nor assented to, the renewal of the note, upon payment of the interest only. The case finds, that they further stated, by which we must understand, without inquiry, that the plaintiffs, by their acceptance of the last interest, did thereby intend to bind themselves to give a further credit on the note, for the period of sixty days. The verdict, which was returned for the plaintiffs, by the direction of the presiding Judge, is to be set aside and a nonsuit entered, if in the opinion of the court sufficient matter in defence, was made out by competent testimony.

The holder may be passive. It is the business of the surety to see that the principal pays. If he does not, the surety may pay, and take measures for his indemnity, unless the holder binds himself to give further time ; and herein consists the injury to the surety, which entitles him to be discharged. And this is the principle laid down in the *Massachusetts* cases, and most of the others cited for the defendant. And it is distinctly recognized, in *Mc-Lemore* v. *Powell et als.* 12 *Wheaton,* 554. Was such the effect of the last interest indorsed, which is the only evidence of any agreement on the part of the bank ? Upon consideration, we regard it as manifesting an intention to wait, rather than as evidence of a binding agreement to do so. They were under no necessity thus to tie up their hands ; and it is not to be presumed they intended to do any thing, which would have the effect of discharging the sureties. They might still have received the money of them, in which case the sum received in advance as interest, might and should be allowed as so much paid on account of the principal. The bank may have been willing, as a matter of favor and indulgence, to afford additional accommodation, presuming that it was desirable and acceptable to all the parties, who

had signed the note ; but they could not have intended to preclude a surety from the exercise of the right he had, by the terms of the note, to pay it after it became due.

The effect of the receipt of interest in advance, upon a note held by a bank, without the knowledge of the sureties, has been directly settled in *Massachusetts*, in the case of *The Oxford Bank* v. *Lewis*, 8 *Pick.* 458. It was held that the bank notwithstanding retained the power of suing and might, if they apprehended a failure, have made an attachment ; and that therefore the surety still remained liable. The same principle was again recognised and applied in the *Blackstone Bank* v. *Hill*, 10 *Pick.* 129. It is very desirable, that in relation to bills of exchange and notes of hand, there should be preserved in the commercial world, as near as may be, an uniformity in the law. It should be the same in *Maine* and in *Massachusetts.* There can be no difference, except what arises from judicial construction. In adopting their opinions, in the cases last cited, we do not overrule the case of the *Kennebec Bank v. Tuckerman.* There was a direct affirmative agreement to give further credit, for a period of nearly eight years, and that not only without the assent of the surety, but against his wishes and protestations.

It may deserve notice, that at the end of the first and second eight weeks, there was a distinct proposition of renewal made and accepted. There is no evidence that there was any negotiation whatever for a renewal, at the end of the third period. The only witness in the case, *Pinkham*, testified that he had no recollection of paying the last interest, but that he had left at the bank twenty-five dollars, which he did not know how they had disposed of. They indorsed the interest, but have not accounted for the residue. For any thing which appears, it ought to have been applied in part payment of the principal. And if that was reduced, the case finds, that the defendant assented to the renewals. That justice may be done to him in regard to this payment unless the plaintiffs will release that sum on the verdict, the opinion of the court is, that it should be set aside, and a new trial granted, but if released, it is to stand, and judgment is to be rendered thereon.